UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAVEN GRIFFIN,

        Plaintiff,

  v.

JOHN MATTEK and
SHINING STAR CHRISTIAN SCHOOLS,

        Defendants.

Case No. 22-cv-1174-pp

---

**ORDER DISMISSING CASE FOR FAILURE TO PAY FILING FEE OR TO FILE AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE AND FOR FAILURE TO STATE A CLAIM**

---

      On October 4, 2022, the plaintiff, who doesn't have a lawyer and is representing herself, filed a complaint against John Mattek and the Shining Star Christian Schools after her son was expelled from school for allegedly using marijuana. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      On October 24, 2022, the court denied without prejudice the motion to proceed without prepaying the filing fee because it was incomplete. Dkt. No. 5. The court ordered that by December 2, 2022, the plaintiff must either file an amended motion for leave to proceed without prepaying the filing fee or pay the filing fee in full. Id. at 2. The court also preliminarily screened the complaint, explaining to the plaintiff that she could not represent her minor son for the alleged violation of her son's rights. Id. at 7, 8. The court explained that the

1

plaintiff had not stated a claim for a violation of due process under Wis. Stat. §115.80, id. at 9; she had not stated an ADA claim on her own behalf, id. at 11; she had not stated a claim under the Equality Act of 2010 (enacted in the United Kingdom rather than the United States); and she had not stated a claim under Title VI of the Civil Rights Act. Id. at 12.

On December 1, 2022, the plaintiff filed a motion for extension of time to retain an attorney. Dkt. No. 6. The court granted the motion and ordered that by December 23, 2022, the plaintiff either must retain an attorney for her son or file an amended complaint alleging violations only of her own rights. Dkt. No. 7. On December 21, 2022, the court received from the plaintiff a three-page amended complaint, but the plaintiff has not filed an amended motion for leave to proceed without prepaying the filing fee and has not paid the filing fee.

I. **Filing Fee**

When the court denied without prejudice the plaintiff's motion to proceed without prepaying the filing fee, the court ordered that by the end of the day on December 2, 2022, the court must receive an amended—and complete—motion to proceed without prepaying the fee or receive the $402 filing fee; the court warned the plaintiff that if it did not receive either the motion or the filing fee by that deadline, the court might dismiss the case without further notice or hearing. Dkt. No. 5 at 13. The court expressed concern that the plaintiff's statements about her income and expenses had been inconsistent across her several filings in the Eastern District of Wisconsin. Dkt. No. 5 at 2 (citing Case Nos. 19-cv-1070; 21-cv-63; and 21-cv-666). The plaintiff had paid the filing fee

2

in Case No. 18-cv-631-JPS, and in three *habeas* filings, Case Nos. 17-cv-338-LA, 17cv-648-LA, 18-cv-1099. In her more recent civil filings, the plaintiff has reported being responsible for three children (ages 10, 13 and 15), receiving benefits in the amount of $794 (or $694) per month, and having other household expenses in the same amount. In the instant motion, the plaintiff claimed to have one child (age 15) and denied receiving any benefits, but she indicated that she received $400 from her "auntie." Dkt. No. 2 at 2. She further denied having any household expenses (such as groceries), then listed "toilieties [sic], personal items, clothing and medical" in the amount of $400—$450. Id. at 3

The court is required to dismiss a case when the plaintiff's allegation of poverty is untrue, 28 U.S. §1915(e)(2)(A), and dismissal is proper where the applicant makes deliberate misrepresentations, Robertson v. French, 949 F.3d 347, 352 (7th Cir. 2020). The inconsistencies in the plaintiff's filings are cause for the court's concern. That is why the court ordered that the plaintiff must either pay the $402 filing fee or file an amended motion for leave to prepay the filing fee. Dkt. No. 5 at 13. The court warned the plaintiff that failure to do one or the other of those things could result in the dismissal of her case. Id. The court has the authority to dismiss a case where the plaintiff fails to comply with the court's orders. Federal Rule of Civil Procedure 41(b); Civil Local Rule 41(c)(E.D. Wis.).

The court has received neither an amended motion nor the filing fee. On this basis alone, the court has the authority to dismiss the case.

3

## II. Screening

    A.    <u>Amended Complaint (Dkt. No. 8)</u>

Even if the court chose not to dismiss for the plaintiff's failure to comply with the court's order, the court still would dismiss the complaint. The plaintiff has removed her minor son from the caption, but the amended complaint seeks a million dollars on the ground that a private school expelled her son and intentionally discriminated against the plaintiff. Dkt. No. 8 at 1. The plaintiff alleges that the defendant's employees, Dr. Bradford and Lindsey Gerke (who are not named as defendants), called the plaintiff to tell her that her son had been expelled after a student reported that the plaintiff's son smoked weed on the school bus. <u>Id.</u> The plaintiff says that prior to the expulsion, the plaintiff's son allegedly complained to the plaintiff that Bradford picked on him and released confidential information to other students. <u>Id.</u> at 2. The plaintiff doesn't allege that she brought this to the school's attention. In any event, the plaintiff says that she "was told" by someone that her son "was interrogated" and confessed to using weed the sixth time the question was asked. <u>Id.</u> The plaintiff alleges that she "was informed" a teacher named Mr. Carter said to the student (it is not clear if she means her son) that "YOU LOOK LIKE YOU SMOKE"). <u>Id.</u>

The plaintiff asserts that the defendants violated the Student Bill of Rights, which provides that all students will be free of harassment, assault or bullying and have a right to deny self-incrimination. <u>Id.</u> The plaintiff says that she requested that the cameras in the hallways "be presented" at the hearing.

4

Id. She insists her son was negative for drug testing and that the school bus company told her no one ever requested the camera footage. Id.

In support of her claims, the plaintiff cites the Shining Star Handbook, which states that a meeting will take place within five days of a student's removal from school. Id. The plaintiff says that she suffered stress, anxiety, embarrassment and emotional damage and that she reported the misconduct to the Wisconsin Religious & Independence Schools Accreditation. Id. at 3. She seeks damages, punitive damages and damages under the acts of clearly established law. Id.

B. Analysis

The court previously explained to the plaintiff that she could not sue on behalf of her son and admittedly, she has removed him from the caption of the case. She now alleges that the defendants violated Title VI of the Civil Rights Act, intentionally discriminated against her (as the parent of a student who attends the Shining Star Christian Schools) and "violated her Constitutional Rights." Dkt. No. 8 at 1. She appears to be alleging due process violations based on failure to abide by the Student Bill of Rights and/or Student Handbook, and adds that she is seeking ordinary negligence and willful conduct damages (including emotional distress). Id. at 2, 3.

The plaintiff seeks one million dollars under Title VI of the Civil Rights Act. The applicable portion of Title VI of the Civil Rights Act of 1964 states as follows: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or

be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000(d). A plaintiff suing under Title VI must herself be a participant or beneficiary in the program at issue. Ervins v. Sun Prairie Area School District, 609 F. Supp. 3d 709, 721 (W.D. Wis. 2022) (citing Shebley v. United Cont'l Holdings, Inc., 357 F. Supp. 3d 684, 694 (N.D. Ill. 2019) (collecting cases)).

The plaintiff doesn't allege that she has been excluded from participation in or denied the benefits of a program receiving federal financial assistance. She alleges that she is a "single black mother with a black son who out of a line full of kids her son was singled out and targeted and kicked out of school and left with no answers and nothing she can do about it," but the focus of the amended complaint is the actions taken against her *son*. Dkt. No. 8 at 3. The plaintiff alleges that she suffered because her *son* was "singled out and targeted and kicked out of school." Id. at 3. And, as she failed to do in the original complaint, the plaintiff still has not alleged that Shining Stars Christian Schools is a recipient of federal funding. Dkt. No. 5 at 12. The amended complaint fails to state a claim under Title VI.

The plaintiff also alleges violations of her constitutional rights, particularly a due process right based on a student bill of rights or student handbook. The due process clause of the Fourteenth Amendment forbids state actors from "depriv[ing] any person of life, liberty, or property without due process of law." Goss v. Lopez, 419 U.S. 565, 572 (1975). To state a claim for deprivation of property, the plaintiff must first allege that she had a recognized

6

property interest. See Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 82 (1978). "Protected interests in property are normally not created by the Constitution" but rather are created "by an independent source such as state statutes or rules entitling the citizen to certain benefits." Goss, 419 U.S. at 572–73 (quotation marks omitted).

The plaintiff has not alleged a due process violation by a *state* actor. See L.P. v. Marian Catholic High School, 852 F.3d 690, 696 (7th Cir. 2017) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). As the Seventh Circuit has explained,

> [a] private person acts under color of state law when she is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 . . . (1980). This requires "evidence of a concerted effort between a state actor and that individual." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 . . . (1970)). The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is "fairly attributable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 . . . (1982).

Id.

The plaintiff had an opportunity to amend her complaint, but the amended complaint fails to allege that either defendant—the school or its executive director—acted under the authority of the state.[1] Id. at 697. The Seventh Circuit has affirmed a district court's dismissal of a similar case for failure to state a claim where the plaintiffs alleged that a Catholic high school

---

[1] According to the Wisconsin DPI website, Shining Stars Christian School is a private school. See https://apps6.dpi.wi.gov/SchDirPublic/private-schools.

7

that received federal funds operated a drug testing program that discriminated against them on the basis of race. Id. at 692. The court reasoned:

> None of those considerations supports a finding of state action in our case. The funding at issue is federal, not state, funding. Actions on behalf of the federal government might make one a federal actor (though we are not saying such a finding would be warranted here), but that would require an entirely different legal theory. Section 1983 addresses only state action. The State of Illinois is not alleged to have anything to do with Marian's drug-testing program, and so there is nothing like the symbiotic relationship the Court mentioned in Rendell-Baker. And neither drug testing nor education as a whole falls solely in the province of the state, to the exclusion of private parties. There is nothing in the complaint that would support a finding that Drackert (or Marian or the Sisters) acted with a "badge of authority" from the state. *See Wyatt v. Cole*, 504 U.S. 158, 161 . . . (1992). The district court was thus correct to dismiss these claims for failure to allege the essential element of state action.

Id.

Individual liability under 42 U.S.C. §1983—the federal civil rights statute—requires personal involvement in the alleged constitutional deprivation. Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017). The plaintiff has not described any personal involvement by defendant John Mattek, except that Mattek was "aware of the situation however he was just now seeing the notarized grievance from last semester, saying his employees never gave it to him." Dkt. No. 8 at 3. She admits that she had a conversation with Mattek after "an Intent to Sue." Id.

Finally, the plaintiff alleges "general negligence" and emotional distress, which are state-law claims. This court has no jurisdiction over state law claims unless the parties are citizens of different states and the amount in controversy is more than $75,000 (or the court exercises supplemental jurisdiction). The

8

plaintiff is a citizen of Wisconsin, all campuses affiliated with Shining Star Christian Schools are located in Milwaukee, Wisconsin (see https://shiningstarschools.org/locations) and Mattek is the executive director of Shining Star Christian Schools. In the absence of any other basis for the exercise of jurisdiction, the court declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. §1367(c)(3) (A federal court "may decline to exercise supplemental jurisdiction" over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction.").

### III. Conclusion

The court **ORDERS** that this case is **DISMISSED** for the plaintiff's failure to comply with the court's order to pay the filing fee or file an amended motion for leave to proceed without prepaying the filing fee and for failure to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 2nd day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**